## MULVEY v. JACQUES.

United States Court of Appeals
Sixth Circuit.

Oct. 24, 1952.

Writ of Certiorari Denied Dec. 8, 1952.
See 73 S.Ct. 281.

Albert Mulvey, in pro. per.

Frank G. Millard, Edmund E. Shepherd, Perry A. Maynard, Lansing, Mich., for appellee.

Before SIMONS, Chief Judge, and HICKS and ALLEN, Circuit Judges.

PER CURIAM.

In this case petitioner has filed petition for leave to proceed in forma pauperis, petition for certificate of probable cause, motion for transfer of the records, and motion for extension of time for appeal. The case has been heard upon petitioner's brief and upon motion of respondent and appellee to dismiss petitioner's various motions and petitions, and upon respondent's brief.

Petitioner pleaded guilty to a charge of breaking and entering in the nighttime and is imprisoned in the State House of Correction and Branch Prison at Marquette, Michigan, under sentence of 10 to 15 years imposed by the State court on August 27, 1947. A motion for new trial was filed and denied but no appeal was taken. The petitioner filed an application for habeas corpus in the State Court of Michigan, which was denied, certiorari denied March 24, 1952, 343 U.S. 910, 72 S.Ct. 643. An application to the United States Supreme Court for a writ of habeas corpus had been denied January 28, 1952, and an application to the same court for a writ of mandamus against the Michigan State Court was refused. The Supreme Court of Michigan in its denial of the writ of habeas corpus stated that the petitioner might properly raise his questions "only on application for leave to appeal rather than on habeas corpus," but the petitioner did not make such application.

■ The processes available in the Michigan State courts for review of sentences and judgments in criminal cases are adequate. Quicksall v. Michigan, 339 U.S. 660, 70 S.Ct. 910, 94 L.Ed. 1188; Whalen v. Frisbie, 6 Cir., 185 F.2d 607; People v. Burnstein, 261 Mich. 534, 246 N. W. 217.

Petition for the writ of habeas corpus filed in the District Court for the Western District of Michigan was denied upon the ground that petitioner had not applied to the Supreme Court of Michigan for leave to appeal from the trial court's denial of his motion for new trial. The same court denied an application for certificate of probable cause upon the ground that the petition for the writ of habeas corpus was wholly without merit.

■ The certificate of probable cause, where the detention complained of arises out of process issued by a State court, is a prerequisite to appeal under § 2253, 28 U.S.C. Since the District Court rightly held under the applicable law that the petition for the writ of habeas corpus was without merit and there is no proper basis for the proposed appeal, it is ordered that the petition for certificate of probable cause, petition for leave to proceed in forma pauperis, motion for transfer of the records, and motion for extension of time for appeal be and they hereby are denied.