## LOSINGER v. BANNAN.
### No. 11953.

United States Court of Appeals
Sixth Circuit.
June 17, 1953.

---

This cause was not argued orally but presented on petition by appellant.

Before SIMONS, Chief Judge, and ALLEN, Circuit Judge.

PER CURIAM.

This is an appeal from an order of the District Court dismissing a petition for a writ of habeas corpus. Petitioner pleaded guilty on May 10, 1945, in the Michigan state court to an information charging him with setting fire to and burning a dwelling house located in Montcalm County, Michigan. He was sentenced in accordance with Michigan statute to a minimum of five years and a maximum of twenty years imprisonment. § 72, Penal Code, C.L.1948, § 750.72, Stat.Ann. § 28.267.

The judgment of conviction was reviewed by the Supreme Court of Michigan, which affirmed the judgment. People v. Losinger, 331 Mich. 490, 50 N.W.2d 137. The case was heard by the entire bench and the opinion reflects the fact, as stated therein, that the record was examined with "meticulous care." Certiorari was denied by the Supreme Court of the United States, 1952, 343 U.S. 911, 72 S.Ct. 644, 96 L.Ed. 1327.

■ In the petition for writ of habeas corpus filed in the District Court the same grounds were urged for issuance of the writ as were raised before the Michigan Supreme Court. The District Court dismissed the petition for the reason that the petitioner had made no application to the state court for a writ of habeas corpus as required by Title 28 U.S.C., § 2254.

As held by this court in Whalen v. Frisbee, 185 F.2d 607, certiorari denied 341 U.S. 911, 71 S.Ct. 619, 95 L.Ed. 1348, the corrective processes of Michigan law for the remedy of illegal conviction are adequate. No circumstances are described which render these processes ineffective to protect the rights of the petitioner. Hence the mandate of Section 2254 squarely applies and requires dismissal.

■ Many objections dealing with questions of fact arising in the trial of the case in the state court were raised before the Supreme Court of Michigan and are discussed in People v. Losinger, supra. The evidence upon these questions was conflicting and as to them the Court of Appeals has no jurisdiction. Cf. U. S. v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562.

The appeal is dismissed.