**Lewis M. HORN, Plaintiff,**

v.

**Everett C. PECK, Sheriff, Claude Bonta, Probation Officer, Joseph L. Bauer, Prosecuting Attorney, Archie D. McDonald, Judge of the Fifth Judicial Circuit, Elwin Smith, Deputy Sheriff, and Tebe Teman, County Clerk, all Officials of Eaton County, Michigan, Defendants.**

Civ. A. No. 2406.

United States District Court
W. D. Michigan, S. D.
April 8, 1955.

eastern district of Michigan asking for money damages in the amount of $50,000. It appearing that the defendants were all residents of Eaton county, Michigan, which is located in this western district of Michigan, an order was entered transferring the action to this district. Upon the plaintiff's petition and a satisfactory showing, he was granted leave to proceed in forma pauperis. Plaintiff's complaint consists of only two paragraphs, which read as follows:

"Whereas, defendants above named, employed as court officials in and for the county of Eaton, at Charlotte, Michigan, on or about the 2d day of December, 1953, did cause the plaintiff herein Lewis M. Horn, to be denied 'Due Process of Law,' and did, in direct violation of 18 U.S.C. § 241 and § 242, conspire, threaten and intimidate the said Lewis M. Horn and cause him to be imprisoned, denying the said Lewis M. Horn his civil rights, by depriving him of his liberty under color of law, in violation of the aforesaid United States Code.

"Wherefore, plaintiff demands that defendants be required jointly or severally to pay damages in the sum of fifty thousand dollars to the plaintiff, Lewis M. Horn, that redress for grievances be satisfied. And further, to provide all interests and costs to the Honorable Court."

The defendants, all of whom are officials of Eaton county, Michigan, and are represented by the attorney general of Michigan, then filed a motion for a more definite statement, Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C. on

Lewis M. Horn, in pro. per.

Frank G. Millard, Atty. Gen. of Michigan, Edmund E. Shepherd, Sol. Gen. of Michigan, Daniel J. O'Hara, Asst. Atty. Gen. of Mich., for defendants.

STARR, Chief Judge.

The plaintiff, an inmate of the State prison of southern Michigan at Jackson, filed complaint against the defendants in the United States District Court for the the ground that "the complaint on conspiracy and deprivation of rights under color of law is so vague and ambiguous that defendants herein cannot reasonably frame a responsive pleading." In response to defendants' motion for a more definite statement, the plaintiff filed a pleading entitled "Supplement Pleading to Complaint," which reads as follows:

"Comes now Lewis M. Horn, plaintiff in the above named cause

and shows unto this Honorable Court and makes known to the defendants that: Upon the 2d day of December, 1953, Everett C. Peck, sheriff of Eaton county; Claude Bonta, probation officer for the circuit court of Eaton county; Joseph T. Bauer, prosecuting attorney for Eaton county; Elwin Smith, deputy sheriff of Eaton county; Archie D. McDonald, Judge of the circuit court for Eaton county; and Tebe Teman, clerk of the court, Eaton county; did conspire and deny the plaintiff Lewis M. Horn a basic civil right to indictment by a grand jury as such procedure is guaranteed by the Seventh Article in the Bill of Rights enacted into positive law on the 4th day of March, 1789; said Bill of Rights being supported by the Fifth Amendment to the United States Constitution; the 5th Article of the Ordinance of 1787; the Constitution of the State of Michigan, 1835, and the doctrines of the Supreme Court of the United States as compiled and annotated in the United States Constitution Annotated (1952) page 837.

"(5th Amend.) 'Within the meaning of this article a crime is made "infamous" by the quality of the punishment which may be imposed.' Ex parte Wilson, 114 U.S. [417] 419 [5 S.Ct. 935, 29 L.Ed. 89] (1885).

"The court has recognized that: 'What punishments shall be considered as infamous may be affected by the changes of public opinion from one age to another.' Ibid. [114 U.S.] 427 [5 S.Ct. 940].

" 'Imprisonment in a State prison or penitentiary with or without hard labor, Macklin [Mackin] v. U. S., 117 U.S. 348, 352 [6 S.Ct. 777, 29 L.Ed. 909] (1886) or imprisonment at hard labor in the work house of the District of Columbia, United States v. Moreland, 258 U.S. 433 [42 S.Ct. 368, 66 L.Ed. 700] (1922) falls within this category.'

" 'The pivotal question is whether the offence is one for which the court is authorized to award such punishment; the sentence actually imposed is immaterial.

" 'When the accused is in danger of being subjected to an infamous punishment if convicted, he has the right to insist that he shall not be put upon his trial, except on the accusations of a grand jury'. Ex parte Wilson, 114 U.S. 417, 426 [5 S.Ct. 935, 939, 29 L.Ed. 89] (1885).

"Whereas the demand was made to the defendants in open court and denied him; irregardless of the rulings or authorities of the Supreme Court of Michigan, grand jury indictment is guaranteed by the Constitution of Michigan, the supremacy clause of the United States Constitution cannot be infringed upon arbitrarily by inferior courts such as those operated by the defendants."

The defendants then filed a motion to dismiss the action on the grounds: (1) That this Federal court does not have jurisdiction of the subject matter of the action, and (2) that the complaint and supplemental complaint fail to state a claim upon which relief could be granted. In support of their motion to dismiss the defendants filed a certified transcript of the entire proceedings in connection with the plaintiff's jury trial in the circuit court of Eaton county in the case of People v. Lewis Horn, his conviction of the crime of forgery, and the imposition of prison sentence upon him.

The plaintiff alleges Federal court jurisdiction of this action under 28 U.S. C. § 1343, which provides:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

"(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in fur-

therance of any conspiracy mentioned in section 1985 of Title 42;

"(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

Plaintiff bases his claim for money damages on the civil rights statute, 42 U.S.C. § 1983 (formerly 8 U.S.C. § 43), and on 18 U.S.C. §§ 241 and 242. Said § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ It appears that plaintiff had been prosecuted in the circuit court of Eaton county upon an information filed by the prosecuting attorney of that county, as provided by Comp.Laws Mich.1948, §§ 767.1 and 767.2. The plaintiff contends that he could not be prosecuted upon an information and that he had a constitutional right to be prosecuted upon an indictment returned by a grand jury. In the present action he seeks to recover money damages on the alleged ground that the defendants, acting under color of State law, conspired to deprive him of a right or privilege secured by the Constitution and Acts of Congress, that is, the right to be indicted by a grand jury. Section 1343 provides that district courts shall have original jurisdiction of any civil action to redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens. Therefore, it seems clear that under said § 1343 this Federal district court would have jurisdiction of the present action.

■ The defendants' motion to dismiss this action presents only questions of law, and as the parties have submitted briefs in support of their respective contentions, the court will consider and determine the motion without a formal hearing. In his original complaint the plaintiff charges that the defendants conspired to threaten and intimidate him and cause him to be imprisoned, in violation of 18 U.S.C. §§ 241 and 242.[1] Section 241 provides for the fine or impris-

---

1. 18 U.S.C. § 241: "If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

"If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

"They shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

18 U.S.C. § 242: "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both."

onment of two or more persons who engage in a conspiracy to injure, oppress, threaten or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, and for the fine or imprisonment of two or more persons going in disguise upon a highway or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of a Federal right or privilege. Section 242 provides for the fine or imprisonment of a person who, under color of any law, statute, ordinance, regulation or custom, willfully subjects an inhabitant of any State, Territory or District to the deprivation of any rights, privileges or immunities secured or protected by the Constitution or laws of the United States, on account of such inhabitant's being an alien or by reason of his color or race. These statutory provisions relate only to the punishment by fine or imprisonment for the deprivation of certain Federal rights, privileges or immunities therein referred to, and it is clear that they have no application to the plaintiff's present action for money damages.

■ The court will next consider the defendants'. motion to dismiss on the ground that the plaintiff's complaint and supplemental complaint fail to state a claim upon which relief could be granted. In his supplemental complaint plaintiff charges, as a conclusion and without allegation of specific facts, that the defendants conspired to deny him his alleged constitutional right to indictment by a grand jury. This contention is wholly without merit, as it has long been established that the States may provide by law the methods and procedures by which one accused of crime may be brought to trial. Lem Woon v. State of Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340; Maxwell v. Dow, 176 U.S. 581, 20 S.Ct. 494, 44 L.Ed. 597; Brown v. New Jersey, 175 U.S. 172, 20 S.Ct. 77, 44 L.Ed. 119; Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232; Lyle v. Eidson, 8 Cir., 182 F.2d 344. In Carter v. Illinois, 329 U.S. 173, 175, 67 S.Ct. 216, 218, 91 L.Ed. 172, the Supreme Court of the United States in its majority opinion said:

"But the Due Process Clause has never been perverted so as to force upon the forty-eight States a uniform code of criminal procedure. Except for the limited scope of the federal criminal code, the prosecution of crime is a matter for the individual States. The Constitution commands the States to assure fair judgment. Procedural details for securing fairness it leaves to the States. It is for them, therefore, to choose the methods and practices by which crime is brought to book, so long as they observe those ultimate dignities of man which the United States Constitution assures."

In Bute v. Illinois, 333 U.S. 640, 656, 68 S.Ct. 763, 772, 92 L.Ed. 986, the Supreme Court said:

"After exhaustive consideration of the subject, this Court has decided that the Fourteenth Amendment does not, through its due process clause or otherwise, have the effect of requiring the several states to conform the procedure of their state criminal trials to the precise procedure of the federal courts, even to the extent that the procedure of the federal courts is prescribed by the Federal Constitution or Bill of Rights. There is nothing in the Fourteenth Amendment specifically stating that the long recognized and then existing power of the states over the procedure of their own courts in criminal cases was to be prohibited or even limited. Unlike the Bill of Rights, the Fourteenth Amendment made no mention of any requirement of grand jury presentments or indictments as a preliminary step in certain criminal prosecutions."

The State of Michigan has expressly provided by statute for the prosecution of crimes and misdemeanors upon informations. Comp.Laws Mich.1948, §§ 767.1 and 767.2 provide:

(§ 767.1) "The several circuit courts of this state, the recorders' courts and any court of record having jurisdiction of criminal causes, shall possess and may exercise the same power and jurisdiction to hear, try and determine prosecutions upon informations for crimes, misdemeanors and offenses, to issue writs and process and do all other acts therein as they possess and may exercise in cases of like prosecutions upon indictments."

(§ 767.2) "All provisions of the law applying to prosecutions · upon indictments, to writs and process therein and the issuing and service thereof, to commitments, bail, motions, pleadings, trials, appeals and punishments, or the execution of any sentence, and to all other proceedings in cases of indictments whether in the court of original or appellate jurisdiction, shall, in the same manner and to the same extent as near as may be, be applied to informations and all prosecutions and proceedings thereon."

▮▮▮ The law of Michigan is well established that one accused of a felony may be arraigned upon an information and tried, convicted, and sentenced without indictment by a grand jury. The plaintiff had no constitutional right to be prosecuted only upon indictment by a grand jury, and his prosecution upon an information constituted due process of law. People v. Simon, 324 Mich. 450, 36 N.W.2d 734; In re Palm, 255 Mich. 632, 238 N.W. 732. The court accordingly concludes that the plaintiff's complaint and supplemental complaint fail to state a claim upon which relief in money damages could be granted against the defendants or any of them. Therefore, the present action should be dismissed.[2]

▮▮▮ Although unnecessary to a decision on defendants' motion to dismiss, it may be noted from the court reporter's transcript of all proceedings in connection with plaintiff's arraignment, trial, conviction, and sentence in the Eaton county circuit court, that defendant Archie D. McDonald, the presiding circuit judge, carefully advised the plaintiff of his constitutional rights and privileges, and protected him against their invasion. Furthermore, it has long been established that the Civil Rights Acts should not be interpreted as overturning the time-honored immunity of judges from civil liability for their official acts. See Francis v. Lyman, 1 Cir., 216 F.2d 583; Griffin v. Connally, D.C., 127 F. Supp. 203; Morgan v. Sylvester, D.C., 125 F.Supp. 380; Ginsburg v. Stern, D. C., 125 F.Supp. 596. It may further be noted that the transcript also indicates that all other defendants as officials of Eaton county were merely carrying out their official duties in connection with the plaintiff's prosecution, conviction, and sentence, and there is no indication that the defendants threatened or intimidated plaintiff or that they conspired to deprive him of any constitutional rights or privileges.

For the reasons herein stated the defendants' motion to dismiss the present action is granted, and an order will be entered accordingly. In view of the court's dismissal of the action there is no occasion to consider or pass upon the plaintiff's motion for a declaratory judgment in his favor or his motion for the production of documents.

---

2. It may be noted that the corrective processes of the State courts of Michigan are available to plaintiff for review of his conviction and sentence, and that such processes have been held adequate. See Losinger v. Bannan, 6 Cir., 205 F.2d 676; Mulvey v. Jacques, 6 Cir., 199 F.2d 300; Whalen v. Frisbie, 6 Cir., 185 F.2d 607.