**Marvin COPLEY, Plaintiff,**

v.

**Lucien F. SWEET, Raymond W. Fox, John M. Pikkaart, Ray Cleveland, Eric V. Brown, and William Sykes, Defendants.**

**Civ. A. No. 2630.**

United States District Court
W. D. Michigan, S. D.

July 13, 1955.

---

**504**

Marvin Copley in pro. per.

Farrell, Folz, Paulson & Palmer and Richard H. Paulson, Kalamazoo, Mich., for Lucien F. Sweet.

Fox, Fox & Thompson and Gould Fox, Kalamazoo, Mich., for Raymond W. Fox.

Benjamin W. Wise, Kalamazoo, Mich., for William Sykes.

Robert J. Barber, Kalamazoo, Mich., for John M. Pikkaart.

Morris & Culver and David Morris, Kalamazoo, Mich., for Ray Cleveland.

Eric V. Brown, Kalamazoo, Mich., in pro. per.

STARR, Chief Judge.

The plaintiff Marvin Copley, an inmate of the State prison of southern Michigan serving a life sentence for first-degree murder, filed complaint in forma pauperis in this court against the defendants, present and former public officials of the city and county of Kalamazoo, asking for money damages in the amount of one million seven hundred thousand dollars.

It appears that in January, 1945, upon jury trial in which he was represented by defendant Eric V. Brown as court-appointed counsel, plaintiff Copley was convicted of first-degree murder and on January 18th of that year he was sentenced by the late George V. Weimer, circuit judge of Kalamazoo county, to life imprisonment. The defendants have filed as exhibits in this case certified transcripts of plaintiff's preliminary examination before a municipal justice, and of his jury trial in circuit court, and a copy of the record of his conviction and sentence.

Defendant Raymond W. Fox, now a circuit judge of Kalamazoo county, was the prosecuting attorney of that county in 1945 and represented the People of the State of Michigan in the prosecution and trial of plaintiff Copley. There is no showing or claim that as circuit judge he has had any connection whatever with plaintiff's subsequent proceedings to obtain a new trial. Defendant Lucien F. Sweet is now one of the circuit judges of Kalamazoo county, and from the plaintiff's complaint and briefs it appears that he has heard and denied the plaintiff's motions for a new trial. It appears that sometime subsequent to plaintiff's trial and conviction defendant John M. Pikkaart was prosecuting attorney of Kalamazoo county and that as prosecuting attorney he appeared in opposition to plaintiff's motions for a new trial. Defendant Ray Cleveland was a detective in the police department of the city of Kalamazoo at the time of plaintiff's trial in 1945 and testified for the prosecution. Defendant Eric V. Brown was the court-appointed counsel for plaintiff and represented him in his jury trial. Sometime subsequent to plaintiff's conviction and sentence defendant William Sykes was an assistant prosecuting attorney of Kalamazoo county. However, plaintiff makes no showing that defendant Sykes had any connection with his trial and conviction or with his subsequent proceedings to obtain a new trial.

Plaintiff's complaint, which he apparently prepared himself, is a hodge-podge of conclusions and generalities without specification of particular facts as a basis for his conclusions. However, he is a layman and the court, in attempting to determine whether he states a claim under the Federal civil rights statutes upon which relief could be granted, should view his allegations as liberally as possible. In Whiting v. Seyfrit, 7 Cir., 203 F.2d 773, 774, in considering plaintiff's complaint in an action for damages against State officers, the court said:

"Plaintiff apparently is a layman. We shall construe the complaint as broadly as possible to ascertain if, under any construction of the language used, a claim is stated upon which relief can be granted.

"Although plaintiff makes a general allegation that he has been damaged as a result of a conspiracy by the defendants, it clearly appears

from the complaint taken as a whole, as well as the arguments made in his brief, that he is endeavoring to state a claim under the Civil Rights Act."

See also Morgan v. Sylvester, D.C., 125 F.Supp. 380, 383.

Viewing the allegations of the complaint in the most favorable light, plaintiff is apparently endeavoring to allege a claim under the Federal civil rights statutes on the ground that the defendants conspired together, in violation of his constitutional rights, to cause his conviction, sentence, and imprisonment. He bases Federal-court jurisdiction on 28 U.S.C.A. § 1343 as amended, which provides:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

"(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

"(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

Plaintiff bases his right to recover damages in the present action on 42 U.S. C.A. § 1983 (formerly 8 U.S.C.A. § 43) and 42 U.S.C.A. § 1985(3) (formerly 8 U.S.C.A. § 47[3]), which provide:

§ 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

§ 1985(3): "If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

Plaintiff also bases his right to recover damages on 18 U.S.C.A. §§ 241 and 242.[1]   However, these statutory pro-

1.  18 U.S.C.A. § 241: "If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

visions provide only for punishment by fine or imprisonment for the deprivation of certain Federal rights, privileges or immunities therein referred to, and it is clear that they have no application to the plaintiff's present civil action for money damages. Horn v. Peck, D.C., 130 F.Supp. 536, 539, 540; Gordon v. Garrson, D.C., 77 F.Supp. 477, 479. Plaintiff also appears to base his claim on Comp. Laws Mich.1948, §§ 764.13 and 764.26, which provide:

§ 764.13: "A peace officer who has arrested a person without a warrant must without unnecessary delay, take the person arrested before the most convenient magistrate of the county in which the offense was committed, and must make before the magistrate a complaint, stating the offense for which the person was arrested."

§ 764.26: "Every person charged with a felony shall, without unnecessary delay after his arrest, be taken before a magistrate or other judicial officer and, after being informed as to his rights, shall be given an opportunity publicly to make any statement and answer any questions regarding the charge that he may desire to answer."

However, plaintiff makes no showing of any violation by any of the defendants of the requirements of these State statutes, and examination of the certified transcripts of his preliminary examination and of his jury trial clearly indicates that the requirements of the State statutes were properly complied with.

■ The plaintiff also alleges violation of the Sixth Amendment of the Constitution of the United States. However, the law has long been established that the Sixth Amendment relates only to Federal criminal procedure and is not applicable to trials in State courts. Palko v. State of Connecticut, 302 U.S. 319, 324, 58 S.Ct. 149, 82 L.Ed. 288; Gaines v. State of Washington, 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793; Ughbanks v. Armstrong, 208 U.S. 481, 28 S.Ct. 372, 52 L.Ed. 582; Jack v. State of Kansas, 199 U.S. 372, 26 S.Ct. 73, 50 L.Ed. 234; Spies v. People of State of Illinois, 123 U.S. 131, 8 S.Ct. 22, 31 L.Ed. 80. See also authorities cited in U.S.C.A.Const. Amend. 6. Plaintiff also refers to the Fourteenth Amendment of the Constitution of the United States, but he makes no showing of facts indicating, or from which it could be inferred, that he was deprived of due process of law or equal protection of the laws. In fact, the certified transcripts of his preliminary examination and jury trial clearly show that he was accorded due process of law and equal protection of the laws.

Each of the defendants has filed a motion to dismiss the present action upon the ground, among others, that the complaint fails to state a claim upon which relief could be granted under the civil rights statutes. The plaintiff has filed answer to these motions, in which he merely contends in substance that his complaint states a cause of action under the civil rights statutes.

■ The plaintiff, an inmate of the State prison, has requested this court to enter an order for his presence in court when the defendants' motions to dismiss are heard and at the time of the trial of this action. However, the defendants'

"If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

"They shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

18 U.S.C.A. § 242: "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both."

motions to dismiss present only questions of law, and as the plaintiff and defendants have submitted briefs in support of their respective contentions, the questions raised by the defendants' motions can be determined without oral arguments or the plaintiff's presence in court. In Hill v. United States, 6 Cir., 223 F.2d 699, the court said:

"Since the only question presented by the motion was a legal one, and not factual, it was not necessary that the appellant be brought [from prison] to the District Court for a hearing."

In United States ex rel. Peters v. Carson, D.C., 126 F.Supp. 137, at page 140, the plaintiff, who was confined in a Pennsylvania State prison, began an action for damages against the judge of a State court, and in granting the defendant's motion to dismiss the court said:

"No useful purpose could be gained by having plaintiff present, he being confined to the custody of the state authorities, since the issues posed evolve entirely on a question of law".

See also Edgerly v. Kennelly, 7 Cir., 215 F.2d 420; Tatum v. United States, 9 Cir., 204 F.2d 324; Garcia v. United States, 9. Cir., 197 F.2d 687; United States v. Knight, D.C., 127 F.Supp. 269; United States v. Williams, D.C., 127 F. Supp. 420; United States ex rel. Caminito v. Murphy, D.C., 127 F.Supp. 689.

■ Viewing the plaintiff's complaint in the present case liberally and broadly, he alleges in substance that the defendants conspired together to deprive him of rights, privileges or immunities secured to him by the Constitution and laws of the United States. Therefore, it is clear that under § 1343 hereinbefore quoted, this court has jurisdiction of the present action. See Ortega v. Ragen, 7 Cir., 216 F.2d 561; McShane v. Moldovan, 6 Cir., 172 F.2d 1016; Bottone v. Lindsley, 10 Cir., 170 F.2d 705; Gordon v. Garrson, D.C., 77 F.Supp. 477. See also opinions of this court in Kenney v. Fox, D.C., 132 F.Supp. 305; Kenney v. Killian, D.C.,

133 F.Supp. 571, and Horn v. Peck, 130 F.Supp. 536, 539.

■ It should be kept in mind that the plaintiff bases his present action for money damages on the Federal civil rights statutes and that such statutes give a right of civil action only for deprivation of rights, privileges, and immunities secured by the Constitution and Federal laws. Therefore, to maintain his present action under the civil rights statutes, the plaintiff must allege facts showing that the defendants conspired together to deprive him of rights, privileges, and immunities secured by the Constitution and laws of the United States. See Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Screws v. United States, 325 U.S. 91, 108, 65 S.Ct. 1031, 89 L.Ed. 1495; Snowden v. Hughes, 321 U.S. 1, 15, 64 S.Ct. 397, 88 L.Ed. 497; Ortega v. Ragen, 7 Cir., 216 F.2d 561; Francis v. Lyman, 1 Cir., 216 F.2d 583; Mueller v. Powell, 8 Cir., 203 F.2d 797; Moffett v. Commerce Trust Co., 8 Cir., 187 F.2d 242, certiorari denied 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618; Bottone v. Lindsley, 10 Cir., 170 F.2d 705, 707; Ginsburg v. Stern, D.C., 125 F.Supp. 596, affirmed June 2, 1955, by the Court of Appeals for the Third Circuit, 225 F.2d 245; Gordon v. Garrson, D.C., 77 F.Supp. 477; Harvard Law Review, vol. 68, May 1955, pages 1229–1240. See also opinions of this court in Kenney v. Killian, supra, 133 F.Supp. 571; Kenney v. Fox, supra, 132 F.Supp. 305; and Kenney v. Hatfield, D.C., 132 F.Supp. 814.

■ Therefore, the question presented by the defendants' motions to dismiss is whether the plaintiff's complaint alleges facts which, if assumed to be true, show that the defendants conspired together to deprive him of rights, privileges or immunities guaranteed to him by the Constitution and laws of the United States. The plaintiff alleges merely as a conclusion that the defendants conspired together, in violation of his constitutional rights, to cause his conviction, sentence, and imprisonment, but he fails to allege when or by what acts or means they are

claimed to have conspired. In other words, he fails to allege any facts indicating a conspiracy by the defendants or from which a conspiracy might be inferred. Furthermore, a careful examination of the certified transcript of plaintiff's preliminary examination and jury trial clearly negatives any implication of a conspiracy by the defendants or any of them to deny plaintiff due process and equal protection of the laws. It should also be noted that the plaintiff makes no claim or showing, and that the certified transcripts do not indicate, that the defendants or any of them acted maliciously, wilfully or improperly in connection with plaintiff's trial and conviction or his subsequent motions for a new trial or other relief.

██ The late Honorable George V. Weimer presided as circuit judge in the jury trial of the plaintiff in January, 1945, and upon his conviction of first-degree murder sentenced him to life imprisonment. Defendant Judge Raymond W. Fox as prosecuting attorney of Kalamazoo county in 1945 acted in the prosecution and trial of plaintiff Copley. As prosecuting attorney he was acting within the scope of his authority, and there is no showing or claim that he acted with malice or otherwise than in the proper performance of his official duties as prosecutor. There is no showing that defendant Fox as circuit judge has had any connection whatever with the plaintiff's later proceedings to obtain a new trial or other relief. The plaintiff's complaint and brief indicate that defendant Lucien F. Sweet, now one of the circuit judges of Kalamazoo county, has heard and denied the plaintiff's several motions for a new trial or other relief, but it is clear that in denying such motions he acted with jurisdiction and in his official and judicial capacity.[2] The law has long been established that a judge acting in good faith, within his jurisdiction, and in his official and judicial capacity cannot be held liable for damages by reason of his judicial decisions. It is clear that defendants Judge Fox and Judge Sweet are immune from liability to the plaintiff in the present action. The law relative to the judicial immunity of judges was thoroughly reviewed by the writer of this opinion in the recent case of Kenney v. Fox, supra, 132 F.Supp. 305. See the many authorities cited and discussed in that opinion.

Sometime subsequent to plaintiff's conviction and sentence defendant John M. Pikkaart served as prosecuting attorney of Kalamazoo county and as prosecuting attorney opposed plaintiff's motions for a new trial or other relief. It is clear that defendant Pikkaart, in opposing said motions was acting within the scope of his authority as prosecuting attorney, and there is no claim or showing that he acted maliciously or in any improper manner.

Defendant Ray Cleveland, a detective with the Kalamazoo police department, was acting within the proper scope of his authority in investigating the murder with which the plaintiff was charged and in testifying for the State in plaintiff's jury trial, and there is no showing that in his investigation or testimony he acted improperly or with malice or an ulterior motive.

Defendant Eric V. Brown was appointed by the court as counsel for the plaintiff, and the certified transcript of the jury trial indicates that he aggressively and capably represented the plaintiff during the trial.

Sometime subsequent to plaintiff's conviction and sentence in January, 1945, de-

2. It may well be noted that the plaintiff makes no showing that he has made any effort to appeal to the Supreme Court of Michigan from his jury conviction and sentence or to appeal from subsequent denials of his motions for a new trial or other relief. The corrective processes of the State courts of Michigan are available to plaintiff for review of his conviction and sentence and review of the denials of his motions for a new trial or other relief, and such processes have been held to be adequate. See Losinger v. Bannan, 6 Cir., 205 F.2d 676; Mulvey v. Jacques, 6 Cir., 199 F.2d 300; Whalen v. Frisbie, 6 Cir., 185 F.2d 607.

fendant Sykes served as an assistant prosecuting attorney of Kalamazoo county. However, plaintiff makes no claim or showing that defendant Sykes had any connection whatever with the plaintiff's trial or with his later proceedings to obtain a new trial or other relief, and defendant Sykes has filed an affidavit stating that he had no connection whatever with any proceedings relating to the plaintiff.

Defendant Raymond W. Fox, while acting as prosecuting attorney in connection with plaintiff's jury trial and conviction, and defendants John M. Pikkaart and Ray Cleveland were all acting in their official capacities and within the scope of their authority, and there is no showing from which it can be found or inferred that they acted with malice, bias or improper motives. Therefore, it is clear that they are immune from liability to the plaintiff under the Federal civil rights statutes. Eaton v. Bibb, 7 Cir., 217 F.2d 446; Cawley v. Warren, 7 Cir., 216 F.2d 74; Francis v. Lyman, 1 Cir., 216 F.2d 583; Griffin v. Connally, D.C., 127 F.Supp. 203; Ginsburg v. Stern, supra, 125 F.Supp. 596; Dunn v. Estes, D.C., 117 F.Supp. 146; 43 Am.Jur. § 274, page 86. See also the opinion of this court in Kenney v. Killian, supra, 133 F.Supp. 571. As defendant Eric V. Brown, court-appointed counsel for plaintiff, capably represented him in his jury trial, and as defendant William Sykes had no connection whatever with plaintiff's trial or with his subsequent proceedings to obtain a new trial or other relief, it is clear that they cannot be held liable to the plaintiff in his present action for damages under the civil rights statutes.

In summary, the plaintiff's complaint in the present action fails to allege any facts showing, or from which it could be inferred, that the defendants conspired together to deprive him of any rights, privileges or immunities secured to him by the Constitution and laws of the United States. Therefore, as the complaint fails to allege facts showing a conspiracy by the defendants and fails to allege facts showing that plaintiff has suffered the deprivation of a Federal right, privilege or immunity, his complaint fails to state a claim upon which relief could be granted under the civil rights statutes. Furthermore, under the facts and circumstances involved in the present action and under the well-established law, it is clear that each and all of the defendants are immune from liability to the plaintiff in his present action for damages under the Federal civil rights statutes.

The plaintiff began and is prosecuting his present civil action in forma pauperis. Title 28 U.S.C.A. § 1915(d) relating to proceedings in forma pauperis provides in part.: "The court * * * may dismiss the case * * * if satisfied that the action is frivolous or malicious." From an examination of the plaintiff's complaint and brief the court is convinced that his present action is frivolous and malicious and should be dismissed. Fletcher v. Young, 4 Cir., 222 F.2d 222; Morris v. Igoe, 7 Cir., 209 F.2d 108; Gilmore v. United States, 8 Cir., 131 F.2d 873.

For the reasons hereinbefore stated the court concludes: (1) That in his preliminary hearing, jury trial, conviction, and sentence the plaintiff was accorded due process of law and equal protection of the laws; (2) that plaintiff's complaint fails to allege facts from which it could be held or inferred that the defendants conspired together to deprive him of rights, privileges or immunities secured to him by the Constitution and laws of the United States; (3) that his complaint fails to state a claim upon which relief could be granted against the defendants under the Federal civil rights statutes; (4) that under the facts and circumstances involved in the present action and the well-established law the defendants are each and all immune from liability to the plaintiff in his present civil action for money damages under the Federal civil rights statutes; (5) that the present action should be dismissed as frivolous and malicious; and (6) that the motion of each defendant to dismiss the present action should be granted.

In view of the court's conclusions, other questions presented by the defendants' motions to dismiss do not require determination.

·In accordance with this opinion an order will be entered dismissing this action.