**Valorus Joe MATTHEIS, Plaintiff,**

v.

**Howard W. HOYT, James Tolhuizen, Martin Goodman, K. T. Meyer, Ray Robinson, Pat Untermeyer, Arthur Marchand, N. R. Sachs, R. F. Gallagher, T. R. Pol, P. H. Norworth, V. A. Jirsa, and Male Publishing Corporation, Defendants.**

**Civ. A. No. 2844.**

United States District Court
W. D. Michigan, S. D.
Nov. 30, 1955.

Valorus Joe Mattheis, in pro. per.
No appearance for defendants.

STARR, Chief Judge.

Plaintiff Valorus Joe Mattheis, an inmate of the State prison of southern Michigan, serving a life sentence for first-degree murder, has filed an application in this court for leave to commence and prosecute in forma pauperis a civil action for money damages against Howard W. Hoyt, a former chief of police of the city of Kalamazoo, James A. Tolhuizen, an attorney employed by and who represented the plaintiff in his trial for murder, the Male Publishing Corporation, and 10 other named persons whom he alleges to be the publishers or representatives of the Male magazine in New York City.

It appears that upon jury trial in the circuit court of Kalamazoo county, Michigan, in 1951, in which he was represented by his attorney, James A. Tolhuizen, the plaintiff was convicted of the first-degree murder of Carolyn Drown, a freshman student in a Kalamazoo college, and that on April 10, 1951, he was sentenced to life imprisonment. At the court's request a copy of the docket entries in the circuit court of Kalamazoo county in connection with Mattheis', arraignment, trial, conviction, and sentence has been filed in this proceeding.

■ The plaintiff has attached to his application for leave to proceed in forma pauperis a copy of his complaint in his proposed action against the defendants, in which he asks for money damages in the amount of $8,700,000. His complaint, which he apparently prepared himself, is a conglomeration of conclusions and generalities. However, he is apparently attempting to state a claim under the Federal civil rights statutes, and the court should view his allegations as liberally as possible. Whiting v. Seyfrit, 7 Cir., 203 F.2d 773, 774; Copley v. Sweet, D.C., 133 F.Supp. 502, 504; Morgan v. Sylvester, D.C., 125 F.Supp. 380, 383. He apparently bases his claim for damages on the ground that he and members of his family have been damaged by the Male magazine's publishing and circulating plaintiff's picture and an article, alleged in part to be libelous, relating to his admission of the crime and his trial for first-degree murder.

The plaintiff's application for leave to proceed in forma pauperis is filed in pursuance of 28 U.S.C.A. § 1915, which provides in part:

"(a) Any court of the United States *may* authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress. * * *

"(d) The court * * * *may* dismiss the case * * * if satisfied that the action is frivolous or malicious."

The plaintiff's affidavit filed in connection with his application, stating in substance that he is unable to prepay fees and costs or give security therefor, would appear to be sufficient under the above

statute. Therefore, the only question presented at this time is whether his application for leave to file complaint and proceed in forma pauperis in his civil action for money damages should be granted.

■■ Plaintiff bases his right to recover damages on 18 U.S.C.A. §§ 241 and 242.[1] However, these statutory provisions relate only to punishment by fine or imprisonment for the deprivation of certain Federal rights, privileges or immunities therein referred to and, therefore, such statutes have no application to the plaintiff's proposed civil action for damages. Copley v. Sweet, D.C., 133 F.Supp. 502; Horn v. Peck, D.C., 130 F.Supp. 536, 539, 540; Gordon v. Garrson, D.C., 77 F.Supp. 477, 479. Plaintiff also bases his claim on Comp.Laws Mich.1948, §§ 764.13 and 764.26.[2] However, these provisions of the Michigan statutes relate only to the arrest and the arraignment of an accused before a magistrate and have no application to plaintiff's proposed action.

Although the plaintiff does not specifically refer to the Federal civil rights statutes, it would seem that he is attempting to state a claim for damages under 42 U.S.C.A. §§ 1983 and 1985(3), which provide as follows:

§ 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

§ 1985(3): "If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; * * * in any case of con-

1. 18 U.S.C.A. § 241: "If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

"If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

"They shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

18 U.S.C.A. § 242: "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of

such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both."

2. § 764.13: "A peace officer who has arrested a person without a warrant must without unnecessary delay, take the person arrested before the most convenient magistrate of the county in which the offense was committed, and must make before the magistrate a complaint, stating the offense for which the person was arrested."

§ 764.26: "Every person charged with a felony shall, without unnecessary delay after his arrest, be taken before a magistrate or other judicial officer and, after being informed as to his rights, shall be given an opportunity publicly to make any statement and answer any questions regarding the charge that he may desire to answer."

spiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

The plaintiff bases his claim of Federal court jurisdiction on 28 U.S.C.A. § 1343 as amended, which provides:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

"(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

"(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constituion of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

Examination of the plaintiff's complaint would seem to indicate that he is attempting to allege: (1) That the defendants conspired together to violate his civil rights under the Constitution and Federal laws by publishing his picture and an allegedly false statement as to his admission of the crime of which he was convicted; and (2) that his right

to an impartial review of his conviction of first-degree murder has been prejudiced by the allegedly untrue statements in the published article. It may be noted that the plaintiff does not question the legality of his arraignment, trial, conviction, and sentence, and that the only portion of the published article which he contends was false and libelous read as follows: " 'We did it, we killed her,' Mattheis said to his lawyer. 'I did it, Ma!' Valorus Mattheis blubbered when his mother visited him in the Kalamazoo jail. 'I killed her!' "

The civil rights statutes hereinbefore referred to give a right of civil action only for deprivation of rights, privileges, and immunities secured by the Constitution and Federal laws. Therefore, to maintain his proposed action against the several defendants for money damages under the civil rights statutes, the plaintiff must allege facts showing that the defendants conspired together to deprive him of rights, privileges, and immunities secured by the Constitution and laws of the United States. See Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Screws v. United States, 325 U.S. 91, 108, 65 S.Ct. 1031, 89 L.Ed. 1495; Snowden v. Hughes, 321 U.S. 1, 15, 64 S.Ct. 397, 88 L.Ed. 497; Ortega v. Ragen, 7 Cir., 216 F.2d 561; Francis v. Lyman, 1 Cir., 216 F.2d 583; Mueller v. Powell, 8 Cir., 203 F.2d 797; Moffett v. Commerce Trust Co., 8 Cir., 187 F.2d 242, certiorari denied 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618; Bottone v. Lindsley, 10 Cir., 170 F.2d 705, 707; Ginsburg v. Stern, D.C., 125 F.Supp. 596, affirmed 3 Cir., 225 F.2d 245; Gordon v. Garrson, D.C., 77 F.Supp. 477; Harvard Law Review, vol. 68, May 1955, pages 1229–1240. See also opinions of this court in Richardson v. Hatch, D.C., 134 F.Supp. 110; Kenney v. Killian, D.C., 133 F.Supp. 571; Copley v. Sweet, D.C., 133 F.Supp. 502; Kenney v. Fox, D.C., 132 F.Supp. 305; and Kenney v. Hatfield, D.C., 132 F.Supp. 814.

The plaintiff was convicted of first-degree murder and on April 10, 1951, was sentenced to life imprisonment. The ar-

ticle published in the *Male* magazine, which contained certain statements hereinbefore quoted as to his admission of guilt which plaintiff complains are un-·true, was published in February, 1955, that is, about four years after his conviction and sentence. The plaintiff's proposed action against the defendants is in effect an action to recover damages for an allegedly untrue and libelous statement. It has generally been held that a published statement, to be libelous, must be defamatory and tend to harm the reputation of another so as to deter third persons from associating or dealing with him. Sweeney v. Schenectady Union Pub. Co., 2 Cir., 122 F.2d 288, affirmed 316 U.S. 642, 62 S.Ct. 1031, 86 L.Ed. 1727; Albert Miller & Co. v. Corte, 5 Cir., 107 F.2d 432; Gang v. Hughes, D. C., 111 F.Supp. 27; Orband v. Kalamazoo Telegraph Co., 170 Mich. 387, 393, 136 N.W. 380; 33 Am.Jur. § 3, pp. 38, 39; 53 C.J.S., Libel and Slander, § 1, pp. 31–33. It is obvious that the publication of the article in question four years after plaintiff's conviction of the brutal murder of a young girl, even though it might have been in part untrue as to his admission of guilt, certainly did not affect or damage his reputation, unless possibly among his criminal associates in prison. It may be noted that, having been convicted of first-degree murder, the plaintiff will not under the applicable Michigan statute be subject to parole, Comp.Laws Mich.1948, § 791.32.

A situation somewhat comparable to plaintiff's proposed action in the present case was considered by the Supreme Court of this State in Noth v. Evening News Association, 338 Mich. 359, decided November 27, 1953. In that case the plaintiff, charged with the crime of murder, had on jury trial been convicted of the lesser crime of manslaughter and sentenced to life imprisonment. The defendant published an article stating in effect that he had confessed the crime and should have been convicted of murder. The plaintiff's action for libel was dismissed on motion and the dismissal affirmed by the Supreme Court. In 53 C.

J.S., Libel and Slander, § 137, p. 227, it is stated: "A charge imputing that one has been convicted of an offense, if there has been a conviction, is justified regardless of whether or not plaintiff was in fact innocent of the offense or whether or not the court had jurisdiction."

■■ The Constitution and Federal laws do not guarantee or protect the plaintiff, a convicted murderer, against publication of his picture and the accompanying article relating to the commission of the crime and his conviction thereof, even though the publication may have contained an allegedly false statement as to his admission of guilt. His complaint in his proposed action sets forth no specific facts showing a conspiracy by the defendants, nor does it allege any facts showing a deprivation of any of his rights, privileges or immunities under the Constitution and Federal laws. Therefore, his complaint fails to state a claim entitling him to relief under the Federal civil rights statutes.

■ Under the above-quoted provisions of the Federal statute, 28 U.S.C.A. § 1915(a), a district court in the exercise of judicial discretion may authorize or refuse to authorize the commencement and prosecution of a civil action without prepayment of fees and costs or the giving of security therefor. The law has long been established that a Federal court should not grant a plaintiff leave to file a complaint and proceed in forma pauperis where it is perfectly clear that his proposed action is wholly without merit and would be futile or is frivolous or malicious. See Prince v. Klune, 80 U.S.App.D.C. 31, 148 F.2d 18; Johnson v. Hunter, 10 Cir., 144 F.2d 565; Gilmore v. United States, 8 Cir., 131 F. 2d 873; and other authorities cited and discussed by this court in its opinion in Richardson v. Hatch, D.C., 134 F.Supp. 110.

■ 28 U.S.C.A. § 1915(d) hereinbefore quoted provides that the court may dismiss an action if satisfied that it is frivolous or malicious. In the present case the allegations of the plaintiff's

complaint in his proposed action against the defendants clearly show that the action is wholly without merit, would be futile, and is frivolous and malicious. It would be misleading, purposeless, and certainly unsatisfactory procedure to grant the plaintiff leave to file his complaint and proceed in forma pauperis, the court knowing well that the complaint would eventually be dismissed as being without merit and frivolous and malicious. Furthermore, to grant the plaintiff leave to proceed in forma pauperis would place an unnecessary and unjust burden on the defendants, as they would then be required to answer or move to dismiss his meritless, frivolous, and malicious complaint.

As the plaintiff's complaint clearly shows that his proposed action against the defendants for money damages is wholly without merit and is frivolous and malicious, his application for leave to file his complaint and proceed in forma pauperis is denied and an order will be entered accordingly.