**Robert F. URBANO, Plaintiff,**

v.

**Frederic SONDERN, Jr., Defendant.**

**Robert F. URBANO, Plaintiff,**

v.

**FAWCETT PUBLICATIONS, INC., Defendant.**

**Civ. Nos. 11145, 11062.**

United States District Court
D. Connecticut.

June 27, 1966.

Robert F. Urbano, pro se.

Gordon Evans, New Haven, Conn., for plaintiff Urbano.

Henry H. Garrison, Marsh and Garrison, Greenwich, Connecticut and Wendell Davis, Jr., Lord, Day and Lord, New York, N. Y., for defendant Sondern.

William E. Flannery and Francis E. Martini, DeWitt, Nast & Diskin, New York, N. Y., for defendant Fawcett Publications.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

Various motions [1] are before the Court in these two separate libel actions brought by a plaintiff who is serving a life sentence in the New Jersey State Prison. Since there are common facts and issues, a single memorandum of decision is dispositive of both cases.

On May 19, 1960, the plaintiff was sentenced to life imprisonment following a plea of *non vult* to an indictment for murder in the commission of a robbery. The Federal Bureau of Investigation on September 14, 1961, issued a press release purporting to describe plaintiff's career and several of the crimes attributed to him. His criminal exploits as a bank and department store robber coupled with his reputation as a "continental playboy and bon vivant" were naturally appealing subject matter for the news media. Many newspapers and magazines carried articles based in whole or in part on the F.B.I. release. Following the publications plaintiff has instituted a rash of suits throughout the country. [2]

The defendant in Civil No. 11,145 is the author of an article entitled "The New Style Bank Robber" which appeared in the December, 1963, issue of Reader's Digest. The defendant in Civil No. 11,062 published "The Case of the Three-Faced Crook" in its January, 1963, edition of True magazine. To the extent the former article concerns the plaintiff, it is clearly based solely on the F.B.I. report. The latter is primarily about the plaintiff; and while substantially based

1. In Civil No. 11,145
   (a) Plaintiff's Motion to Strike Each and Every Defense to (sic) Defendant's Answer;
   (b) Defendant's Cross Motion for Summary Judgment;
   (c) Plaintiff's Applications for Appointment of Counsel and/or Guardian Ad Litem.
   In Civil No. 11,062
   (a) Plaintiff's Motion to Strike Special Defenses;
   (b) Defendant's Motion to Dismiss Complaint.

2. In addition to the two suits filed here, other suits involving the plaintiff of which the Court has knowledge are:
   (a) Urbano v. The Federal Bureau of Investigation, J. Edgar Hoover, et al., (D.D.C.Civil No. 616–65)—suit to enjoin the publication of allegedly false information about the plaintiff;
   (b) Urbano v. News Syndicate, Inc., 232 F.Supp. 237 (S.D.N.Y.Civil No. 63–3168)—libel action based on an article published in the "Sunday News";
   (c) Urbano v. Liston, (D.Md.Civil No. 15092)—libel action against author of article appearing in True magazine, the subject of the suit in Civil No. 11,062;
   (d) Urbano v. The Reader's Digest Association, Inc. (D.Mass.Civil No. 64–843–F)—libel action for same article as in Civil No. 11,145 here;
   (e) Urbano v. DeLoach, (D.D.C.Civil No. 2951–64)—action against three F.B.I. agents and medical directors of Trenton State Hospital for conspiracy to publish the F.B.I. report of September 14, 1961;
   (f) Urbano v. Paquette, (Province of the Seine, France)—suit for alleged conversion of personal property;
   (g) Urbano v. Hughes, Governor, (D. N.J.Civil No. 262–65)—action to compel the governor of New Jersey, the Commissioner of Institutions and Agencies, et al., to furnish Urbano proper clothing for court appearances;
   (h) Urbano v. Calissi, (D.N.J.Civil No. 003–65)—action against prosecutor of Bergen County for denial of constitutional rights in failing to account for personal property;
   (i) Urbano v. Magee (D.N.J.Civil No. 909–64)—petition for court order to compel officers of the New Jersey State Hospital to supply Urbano certain information;
   (j) In the Matter of the Application of Robert F. Urbano for a Declaratory Judgment under Rule 4:88–10 (Super.Ct.N.J., App.Div. No. AM–221–62)—suit challenging regulation governing inmate's clothing.
   This list does not include the several suits in which the plaintiff has collaterally challenged the legality of his incarceration.

on the report, it is embellished with facts apparently garnered from independent sources.

In both cases the plaintiff has sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).[3] Unlike the usual *pro se* complaints filed by prisoners, from the outset his presentations of claims, affidavits, and briefs have been highly articulate and detailed. Nonetheless, the complaints appeared to lack merit, and the Court's initial reaction was to deny leave to proceed under this section. Rather than prematurely terminate the claims since there was a possibility, albeit a remote one, that his contentions might have some substance, the plaintiff was allowed to develop and expand them. In both cases the filing fee was waived; in Civil No. 11,062 Attorney Gordon Evans was appointed to represent the plaintiff.

The files in both matters are now voluminous;[4] this Court has a complete understanding of the claims, the background, and the defenses and is satisfied that the actions are frivolous and ought to be dismissed. 28 U.S.C. § 1915(d).[5]

The distinction between dismissal of an action under Section 1915(d) and denial of leave to proceed *in forma pauperis* under Section 1915(a) has often been recognized, e. g., United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105 (7 Cir. 1953), and rests on sound policy grounds. To withhold leave to proceed *in forma pauperis* at an embryonic stage of the litigation would run the risk of denying a forum to worthy claims brought by sincere, but impecunious, persons. Where, as here, the litigant has been given an opportunity to amplify and clarify his claims, however, that risk is obviated and different considerations become controlling.

In Mattheis v. Hoyt, 136 F.Supp. 119 (W.D.Mich.1955), an inmate of the state prison, serving a life sentence for murder, sued a magazine and individuals for defamation damages allegedly resulting from an article about the crime for which he was convicted. The court refused to allow the plaintiff to proceed *in forma pauperis* stating, "It is obvious that the publication of the article in question four years after plaintiff's conviction of the brutal murder of a young girl, even though it might have been in part untrue as to his admission of guilt, certainly did not affect or damage his reputation, unless possibly among his criminal associates in prison." Id. at 124. This Court agrees that the chances of success in a suit of this nature are virtually nonexistent, and if there were any recovery, it would be at most nominal.[6]

3. 28 U.S.C. § 1915(a) provides:
   "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. * * *"

4. Included in the file are, inter alia,
   (a) *Pro se* briefs, and exhibits which number hundreds of pages, in addition to briefs and papers filed by Attorney Evans;
   (b) Lengthy affidavits, reply affidavits and "surreply" affidavits;
   (c) The F.B.I. report of September 14, 1961;
   (d) Plaintiff's confessions to ten different bank robberies;
   (e) Copy of Judge Galenti's Order in plaintiff's application for writ of habeas corpus finding that plaintiff was legally competent to enter his plea of *non vult*. The opinion relates the testimony of several psychiatrists which referred to plaintiff's admissions of crimes.

5. 28 U.S.C. § 1915(d) provides in pertinent part:
   "The court * * * may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

6. In Civil No. 11062 no demand for retraction was made until August 17, 1964. Under the applicable Connecticut statute, Conn.Gen.Stat. § 52–237 (1958), unless such a demand is made within a reason-

■ There being such a patent lack of merit in these suits, dismissal under Section 1915(d) is clearly proper. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 45, 35 S.Ct. 236, 59 L.Ed. 457 (1915). It should be noted, moreover, there has been a particular judicial reluctance to render the risk-free procedures of Section 1915 available to prison inmates in non-habeas corpus matters. In Mattheis v. Hoyt, supra, a state prisoner brought a libel action similar to the present one; in Richardson v. Hatch, 134 F.Supp. 110 (W.D.Mich. 1955), it was a suit for damages against the sentencing judge; in Carey v. Settle, 351 F.2d 483 (8 Cir. 1965), it was a suit against a former warden for damages resulting from the promulgation of a regulation which the applicant claimed prevented him from finishing a correspondence course; in United States ex rel. Morris v. Radio Station WENR, supra, there was a claim that the defendant warden and the defendant radio station were discriminating against petitioner by not allowing him to audition or act as an announcer on a program broadcast from the prison. The range of cases illustrates the vast potential for abuse inherent in Section 1915. Where there is no risk to be run, a variety of reasons may prompt an inmate to file suit under this section. A desire to harass officials, a hope for a quick windfall by way of nuisance settlement, or simply a discovery of a new way to pass the monotonous hours of incarceration are readily identifiable motives which alone justify careful scrutiny of prisoner complaints filed under this section. Urbano v. News Syndicate, Inc.,

358 F.2d 145 (2 Cir. 1966) (dissenting opinion—Lumbard, C. J.).

Administrative problems must also weigh in the balance. Not only does the transportation of an out of state prisoner to testify raise substantial problems of procedure, but apparently there are no federal funds available for such a purpose. Diaz v. Chatterton, 229 F. Supp. 19 (S.D.Cal.1964). And as the Court of Appeals for this Circuit has said, "(where) the chances * * * of success * * * are so highly dubious * * * a judge cannot properly ask a member of the bar to assume this thankless burden." Miller v. Pleasure, 296 F.2d 283 (2 Cir. 1961).

■ If the suit is frivolous, and if the chances of success are highly dubious at best, the court has an interest in protecting its forum from being abused by persons who are unable to pay costs or give security therefor. Fletcher v. Young, 222 F.2d 222, 224 (4 Cir. 1955), cert. denied 350 U.S. 916, 76 S.Ct. 201, 100 L.Ed. 802 (1955). A defendant should not be put to the burden of further defending such suits after it becomes apparent that there is little, if any, likelihood of the plaintiff prevailing. Here the defendants have been subjected to substantial burden in defending these actions. Until the files were sufficiently complete to enable the Court to distinguish between the meritorious and the frivolous, this burden could not be avoided. Now the cases are in a different posture, and it would be most unfair to require any further expenditure of time, effort, and money in these frivolous and futile actions.[7]

able time, there can be no recovery for anything but special damages unless the plaintiff can prove actual malice. The demand here was not made within a reasonable time. Hogan v. New York Times Co., 211 F.Supp. 99 (D.Conn.1962), aff'd 313 F.2d 354 (2 Cir. 1963). In this Court's opinion it is highly unlikely that the plaintiff could prove either actual malice or special damages.

7. Since plaintiff has had a full opportunity to develop his claim, the case is distinguishable from Urbano v. News Syndicate, Inc., supra, which allowed plaintiff to proceed *in forma pauperis* at a much earlier stage than in the instant litigation. See also United States ex rel. Morris v. Radio Station WENR, supra, 209 F.2d at 107.

Accordingly it is

Ordered, that Civil Action No. 11,145 be, and the same hereby is, dismissed pursuant to 28 U.S.C. § 1915(d) and it is further

Ordered, that Civil Action No. 11,062 be, and the same hereby is, dismissed pursuant to 28 U.S.C. § 1915(d).

The Court is appreciative of the scholarly and conscientious efforts of Attorney Evans.