**James E. RAY, Plaintiff,**

v.

**TIME, INC., George McMillian, W. Henry Haile, William Bradford Huie, Gerold Frank, Hon. Robert M. McRae, Jr. and Brenda Pelliciotti, Defendants.**

No. C–76–274.

United States District Court,
W. D. Tennessee, W. D.

Sept. 15, 1976.

James E. Ray, pro se.

Leo Bearman, Jr., Memphis, Tenn., for Time Inc. & McMillian.

Henry A. Martin, Nashville, Tenn., for Haile.

David J. Cooke and C. Bradford Foster, III, Memphis, Tenn., for McRae.

Gareth S. Aden, Nashville, Tenn., for Huie.

Satterlee & Stephens, New York City, for Frank.

David S. Kennedy, Memphis, Tenn., for Pellicciotti.

## ORDER

WELLFORD, District Judge.

Plaintiff has filed *pro se* a fourteen page in forma pauperis suit against Time, Inc. for publishing an alleged "malicious article" about him in its January 26, 1976, issue of "Time" magazine, and against defendant, George McMillian (McMillan) for authoring the "malicious article with deliberate fabrications" about him. Plaintiff further asserts that McMillan proposes a book about him in which Time, Inc. has a financial interest through a subsidiary. Ray also sues William Bradford Huie and Gerold Frank for furnishing McMillan, through separate books,[1] false information about him. He further asserts that Huie has libelled him in an early 1976 network television broadcast regarding his participation in the murder of Martin Luther King, Jr. and a London robbery. Plaintiff alludes in this complaint to a 1973 "libel suit" which he filed against defendant, Frank, No. C–73–

---

1. Huie authored "He Slew The Dreamer" in 1970; Frank wrote "An American Dream" in 1972.

126, in this Court, and to Huie's participation in some "collusion" with respect to a guilty plea filed by plaintiff to the State charge of murdering Martin Luther King, Jr. in Memphis.[2]

Plaintiff has also sued other defendants, including W. Henry Haile, an attorney, for their alleged participation in a hearing in another division of this Court, No. C–74–166, resulting in an unfavorable decision on plaintiff's petition for habeas corpus, the object of which was to set aside his prior guilty plea to the state murder charge in the King case.[3] Judge McRae's adverse decision dismissing Ray's habeas corpus claim was appealed by plaintiff to the United States Court of Appeals for the Sixth Circuit and affirmed. *Ray v. Rose*, 535 F.2d 966 (6th Cir. 1976). Ultimately plaintiff complains that defendants acted, and conspired to act, to influence adversely the Court of Appeals on his then pending appeal. Specifically, Ray alleges that Haile, as the State's chief counsel in the evidentiary hearing, libelled him by aiding and abetting McMillan in his assertedly libelous activities with respect to the "Time" article, "The King Assassination Revisited". He concludes that all but defendant Frank collusively and concertedly acted to influence the Court "thus obstructing justice and violating plaintiff's civil rights." Additionally, Ray claims Haile violated his civil rights by furnishing McMillan information from Tennessee Attorney General files.

Throughout the complaint plaintiff makes repeated reference to libel, characterized as wilful and malicious. Plaintiff, however, also makes a claim that this suit is based on a violation of 42 U.S.C. § 1983 and he mentions denial of due process in respect to his prior court proceedings. The civil rights claim is related to the primary libel contention in that the defamatory actions were allegedly intended to obstruct justice or to prevent a fair appeal. All remaining defendants, save Frank, have filed motions to dismiss and for protective orders to defer responding to plaintiff's interrogatories pending a ruling on these motions.

## CIVIL RIGHTS CLAIM

██ Defendants assert that a claim that the "Time" article in controversy prevented Ray from obtaining a fair appeal is not actionable. The principal claim is one based upon libel, which is essentially one seeking a remedy for a false written attack upon reputation whereby one is exposed to public hatred, contempt or ridicule. Even a sufficient claim for libel or defamation, however, is not such injury to liberty or property as to present a constitutional violation absent some special consideration such as loss of employment. *Paul v. Davis*, 424 U.S. 693 (1976). Thus, plaintiff's libel claim will not support an action under 42 U.S.C. § 1983. See *Sheppard v. E. W. Scripps Co.*, 421 F.2d 555 (6th Cir.), *cert. den.*, 400 U.S. 941, 91 S.Ct. 238, 27 L.Ed.2d 245 (1970) and *Mattheis v. Hoyt*, 136 F.Supp. 119 (W.D.Mich.1955). Furthermore, this Court cannot properly be called upon to speculate about or to inquire into the reasons for the appellate court's decision in *Ray v. Rose, supra.* This Court, under the guise of a civil rights complaint, cannot be called upon to re-litigate the merits of plaintiff's appeal in a prior case, even if state action or some action under color of law were assertedly taken by defendants. See *French v. Corrigan*, 432 F.2d 1211, 1213 (7th Cir. 1970), *cert. den.*, 401 U.S. 915, 91 S.Ct. 890, 27 L.Ed.2d 814 (1971), citing *Howell v. United States*, 172 F.2d 213, 216 (4th Cir. 1949).

---

**2.** Plaintiff has also disclosed the dismissal of a similar prior suit, No. C–69–199, in the United States District Court for the Middle District of Tennessee which was subsequently refiled and heard by Judge McRae of this Court. This was a suit by Ray against his former attorneys, Foreman and Hanes, and the present defendant Huie. Judge McRae ruled adversely to Ray in this suit also.

**3.** Judge Robert M. McRae and his United States District Court Reporter, Brenda Pellicciotti, were also sued but have been dismissed upon plaintiff's own motion after they filed motions to dismiss. See *Ray v. Rose*, 392 F.Supp. 601 (W.D.Tenn.1975).

■ The defendants' motion to dismiss as to the federal question jurisdiction asserted by plaintiff is, accordingly, granted. No collusion with respect to the civil rights claim is even asserted against the defendant Frank. Any actions taken by defendant Haile while acting within the course and scope of his duties as an Assistant Attorney General in handling the habeas corpus hearing would also be exempt under the rationale of *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) and *Hilliard v. Williams,* 540 F.2d 220 (6th Cir. 1976). See also *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) and *Gockley v. Van Hoove,* 409 F.Supp. 645 (E.D.Pa.1976).

## LIBEL

The nature of the libel claim has been discussed heretofore, since it is difficult to separate this underlying claim and the related civil rights claim which has been dismissed. To the extent Ray seeks to sue defendant Haile, a Tennessee resident, for libel on the basis of diversity jurisdiction, his claim must fail because on the face of the complaint, diversity does not exist. With all Tennessee residents thus dismissed as defendants, the Court will consider the libel claim as to the remaining defendants.

## A. FRANK

■ Plaintiff clearly knew about Frank's published work relating to the King murder prior to 1973 when he first sued him for libel in this Court.[4] The Tennessee statute of limitations, T.C.A. § 28–304, bars a libel suit after one year following the accrual of the action. But for the additional basis discussed for dismissal as to the other defendants, the Court would, on its own motion, dismiss the claim of libel against Frank because the Tennessee law to be applied would bar such a claim.

## B. HUIE

■ The defendant Huie's book and its publication in 1970 would stand in the same posture as defendant Frank's 1970 book with regard to the statute of limitations. Ray, however, makes an additional assertion about Huie and an alleged defamation occurring in a 1976 interview. To the extent Ray complains that defendant Huie made reference to his confessed killing of Dr. King, his complaint cannot stand, as it would seek a contrary determination of the decisions of the Tennessee and Federal Courts that plaintiff Ray was guilty, as he admitted and as the evidence clearly indicated. This would leave for consideration only the claim that Huie assertedly defamed Ray by stating that he had also subsequently robbed a loan company in London, England.

## C. *TIME, INC.* and *McMILLAN*

■ Plaintiff is not only a confessed murderer. The record in previous cases indicates other prior felony convictions. Can his reputation be damaged by articles relating to background and circumstances of his in-Court admission and guilty plea to the King murder charge? Certainly Ray is a public figure and a claim of libel would necessarily include First Amendment considerations as to defendants' publications. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). Plaintiff's claim against these two defendants is based upon a 1976 publication which makes a fleeting reference to Frank and Huie as being among those "experienced writers who spent years researching books on the (King) assassination" who concluded that plaintiff acted alone in the killing. But the article added:

> "even if they are right, their work is unlikely to dispel all doubts . . . when . . . many people are unwilling to reject readily any conspiracy theory."

4. The case did not proceed to a determination on the merits as to Frank because of jurisdictional deficiencies.

The "Time" article, as it relates to information included in, or conclusions from, Frank's and Huie's books is not actionable as a matter of law. It merely makes reference to that which has previously been published to the effect that plaintiff is guilty of the very crime to which he confessed in a procedure upheld as lawful and fully constitutional by other courts. Plaintiff cannot collaterally, by a civil action of libel, attempt to attack the effect of his criminal conviction for murder. By the same token, plaintiff may not assert a libel claim against Time, Inc. or McMillan for publishing an article or articles commenting upon newsworthy aspects of the criminal proceeding involving Ray, particularly where they merely speculate about whether others also may have been involved with Ray in the King murder or in other criminally related activity. The first seven pages of the complaint, in any event, set forth no cause of action against any defendant now before the Court in respect to various recitations about the background of Ray's confession and the subsequent habeas corpus hearing.

There remain for consideration plaintiff's averments that McMillan (and Time, Inc. as publisher) libelled him as a "narcotics addict and peddler" and that Huie defamed him by referring to him as a robber.

The Court is persuaded, in the light of all the circumstances in this cause and in the public record involved in the other cases mentioned, that plaintiff, James E. Ray, is libel-proof, as that term was used in *Cardillo v. Doubleday & Co., Inc.*, 518 F.2d 638, 639 (2d Cir. 1975) (Oakes, J.). Ray, as Cardillo, is a convicted habitual criminal and is so unlikely to be able to recover damages to his reputation as to warrant dismissal of his libel claim in the light of First Amendment considerations attendant to publication of material dealing with his background and his criminal activities. See also *Urbano v. Sondern*, 370 F.2d 13 (2d Cir. 1966), *cert. den.*, 386 U.S. 1034, 87 S.Ct. 1485, 18 L.Ed.2d 596 (1967), *aff'g*, 41 F.R.D. 355 (D.Conn.1966) and *Urbano v. Fawcett Publications*, 370 F.2d 14 (2d Cir. 1966). As in

the case of Urbano's complaint in libel for publishing information about his criminal career (less dramatic and serious than Ray's), this Court agrees with Judge Zampano's conclusion that all the circumstances indicate this action is frivolous. See also *Mattheis v. Hoyt, supra.*

Accordingly, the Court grants the motions of the defendants that the case be dismissed even against defendant Frank, because the reasons given support the conclusion that no cause of action for libel is stated as to any of the defendants.

Similarly, plaintiff has failed to state a cause of action for violation of his civil or constitutional rights.