508 F.Supp. 724 (1981)
James E. RAY, Plaintiff,
v.
UNITED STATES DEPARTMENT OF JUSTICE, and Conrad Baetz, Defendants.
No. 80-963C(4).
United States District Court, E. D. Missouri, E. D.
February 10, 1981.
*725 James E. Ray, pro se.
Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on the parties' separate pretrial motions. For the reasons stated below, defendants' motion to dismiss will be granted and the parties' cross-motions for summary judgment will be denied as moot.
Plaintiff brings this action seeking to compel a determination of the existence of plaintiff's criminal liability, if any, and evidence in support thereof, arising from acts allegedly attributed to plaintiff by agents of defendant Department of Justice. Additionally, plaintiff seeks recovery of actual and punitive damages arising from an allegedly illegal search, conducted at defendant Baetz's direction, and for defamation.
Defendants move to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, defendants move for summary judgment, pursuant to Rule 56, Fed.R. Civ.P.
Because plaintiff brings this action pro se, plaintiff's complaint will be liberally construed. Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976); Serna v. O'Donnell, 70 F.R.D. 618 (W.D.Mo.1976).
First, plaintiff seeks an order compelling the Department of Justice to produce evidence of criminal acts occurring prior to April, 1968, allegedly attributed to plaintiff by agents of the Department of Justice. Plaintiff asserts that adjudication of the putative charges will further his chances for parole.
To facilitate the relief requested, plaintiff conditionally offers to waive the applicable statute of limitations and to stand trial for any purported criminal offenses.
Plaintiff's allegations and prayer for relief request an order compelling the Department of Justice to initiate criminal proceedings.
It is well settled that initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion. United States v. Cox, 342 F.2d 167, 171 (5th Cir.), cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965); New York v. Muka, 440 F.Supp. 33, 36 (N.D.N.Y.1977); 28 U.S.C. § 547(1) (1968). Therefore, defendant Department of Justice's motion to dismiss will be granted.
Second, plaintiff seeks to recover damages for an alleged search of plaintiff's brother's hotel room, conducted at defendant Baetz's direction while Baetz was employed as an investigator by the House Select Committee on Assassinations. Plaintiff's claim arises from the alleged search and subsequent photocopying of letters from plaintiff in plaintiff's brother's possession.
Defendant Baetz argues that plaintiff lacks standing to assert a cause of action arising from the facts alleged.
In evaluating a motion to dismiss for lack of standing, the material allegations of *726 plaintiff's complaint must be construed as true. Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975).
Plaintiff brings this action seeking redress for alleged violations of rights protected under the fourth amendment. Although fourth amendment issues are most commonly presented in the context of criminal proceedings, a civil cause of action for infringement of fourth amendment rights clearly exists. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), overruled on other grounds, Monell v. New York Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The considerations governing standing are the same in either context.
In order to proceed on a claim for an infringement of fourth amendment rights, plaintiffs must assert their own legal rights and interests rather than the rights of third parties. Rakas v. Illinois, 439 U.S. 128, 139, 99 S.Ct. 421, 428, 58 L.Ed.2d 387 (1978).
In the instant case, plaintiff seeks to recover for a search of the property and premises of another. Because fourth amendment rights are personal rights which cannot be asserted vicariously, the Court concludes that plaintiff lacks standing to proceed on the claims alleged. Id. at 133, 99 S.Ct. at 425. Being the object of the search is not sufficient to establish plaintiff's standing to sue. Id. Therefore, defendant Baetz's motion to dismiss plaintiff's claims arising from the alleged search will be granted.
Plaintiff next seeks damages for allegedly defamatory remarks attributed to defendant Baetz in a July 22, 1979, St. Louis newspaper article.
Defendant Baetz moves to dismiss, asserting that plaintiff has previously been adjudicated "libel-proof" with regard to his background and criminal activities, which are also the subject of the alleged defamation in the instant case. Ray v. Time, Inc., 452 F.Supp. 618, 622 (W.D.Tenn.), aff'd without opinion, 582 F.2d 1280 (6th Cir. 1978). In Ray v. Time, Inc., supra, as in the instant case, plaintiff sought damages arising from a speculative remark published by defendant concerning the possible involvement of other individuals with the plaintiff in the King murder and in other criminally related activity. Id. at 622. In light of the factual similarity of plaintiff's allegations in Ray v. Time, Inc., supra, and the instant case, the Court concludes that the same considerations which warranted dismissal in the prior case apply with equal vigor to the case at bar. Therefore, defendant Baetz's motion to dismiss will be granted.
The Court having granted defendants' motion to dismiss, the parties cross-motions for summary judgment will be denied as moot.