Keenan Cofield, an inmate confined to the West Jefferson Correctional Facility, Bessemer, Alabama, filed a libel action against the Advertiser Company, Alvin Benn, the author of an allegedly libelous story that appeared in the MontgomeryAdvertiser; Doyle Harvil, the newspaper's publisher; and Mike Forster, the managing editor. Against the Advertiser Company, Cofield sought $10 million as punitive damages, and $7.5 million in compensatory damages. Against the reporter, Benn, he claimed $10 million in punitive damages. In claiming compensatory damages against Benn, he dropped the amount just a tad and claimed only $5 million. *Page 435 
The allegedly libelous article written by Benn was headlined "Inmate Files Suit Claiming State Official Raped Him." The lead sentence, under a Selma dateline, was: "A State prisoner who once sued a newspaper for printing his obituary has filed a second lawsuit against Mental Health officials, including one he claims seduced him at the Dallas County Jail." The article further quoted public officials as stating that the lawsuit was frivolous.
In reading Cofield's complaint, it is apparent to us that he did not appreciate reading his obituary in a newspaper, and as against Benn, he is quite incensed to have his lawsuit called frivolous, and especially did not like that part of the article calling his suit a "classic example" of a frivolous lawsuit.
Defendants filed a motion to dismiss, asserting, among other grounds, that Cofield was a public figure (apparently, Cofield has been in prison much of his life — he has been convicted on five charges of theft), and that the statements written in the newspaper article were privileged under the holding of New YorkTimes v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686
(1964). The trial judge granted the motion, dismissed the action, and taxed the costs against Cofield.
The trial judge stated that although he was impressed with the defenses of the defendants, it was unnecessary that they be considered, and held:
 "[T]his action is due to be dismissed because this plaintiff, at least as to the publication which forms the basis of the complaint is `libel proof' and . . . a failure to dismiss this complaint would offend the First and Fourteenth Amendments of the United States Constitution. As a matter of law, this plaintiff can show no significant damage to his reputation as a result of the news story which is the basis of his claim in this case. The materials submitted in support of the motion of defendants show without dispute that plaintiff has five separate convictions of theft offenses, four of them on pleas of guilty.
 "This Court is persuaded by the decisions in Cardillo v. Doubleday Co., 518 F.2d 638 (2nd Cir. 1975); Jackson v. Longcope, 394 Mass. 577, 476 N.E.2d 617 [(1985)]; and Ray v. Time, Inc., 452 F. Supp. 618 (W.D.Tenn. 1976), affirmed, 528 F.2d 1280
(6th Cir. 1978). These cases — as well as the decision of the Circuit Court of Jefferson County in Seibold v. Birmingham News, decided July 20, 1983 — stand for the principle that a libel plaintiff, such as this plaintiff, by virtue of his life as an habitual criminal is, as a matter of law, so unlikely to recover anything other than nominal damages that the First and Fourteenth Amendments of the United States Constitution prohibit the burden on a defendant of a trial in which the most favorable result such a plaintiff could achieve would be an award of nominal damages."
We adopt the trial judge's holding and affirm.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.