DECISION
This matter comes before the Court on defendants' Motion for Summary Judgment (Outlet Broadcasting, Inc. (WJAR), Freedom WLNE 6, and Tara Granahan). Jurisdiction of this Court is pursuant to R.I. Super. R. Civ. P. 56.
 Facts/Travel
In April 1995, plaintiff was arrested and charged with raping and sodomizing a woman. On or about May 27, 1995 at a hearing on the foregoing charges, the behavior of plaintiff warranted the Court to summarily hold him in contempt. However, on or about May 28, 1997, plaintiff was mistakenly released from custody due to some confusion regarding his contempt of court. As a result, the release generated widespread news coverage. The defendants broadcast the news and admitted in its Answer that it did describe plaintiff as a "convicted rapist" in its broadcast. At the time, plaintiff was not a convicted sex-offender.
The plaintiff filed a lawsuit for slander claiming that he has suffered emotional harm and harm to his reputation when he was described as a "convicted rapist" during the defendants' broadcast in May 1997. The plaintiff asserts that the report was falsely and repeatedly reported that he had been convicted of rape and sentenced to eight years in prison.
 Standard of Review
Summary judgment is a drastic remedy that should be sparingly granted only when the pleadings, affidavits, and discovery materials demonstrate no genuine issue of material fact exists.Superior Boiler Works., Inc. v. R.J. Sanders. Inc., 711 A.2d 628, 631 (R.I. 1998) (citations omitted); R.I. Super. R Civ. P. 56 (c). The trial justice should "draw all reasonable inferences in favor of the nonmoving party and must refrain from weighing the evidence or passing upon issues of credibility." 711 A.2d at 631. However, the nonmoving party has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material fact. Sisters of Mercy of Providence, Inc. v. Wilkie,668 A.2d 650, 652 (R.I. 1996) (citation omitted). As such, the nonmoving may not rest upon "allegations or denials in the pleadings, mere conclusions, or mere legal opinions" to create a genuine issue of material fact. Rhode Island DEPCO v. Rignanese,714 A.2d 1190, 1193 (R.I. 1998) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, the trial justice may grant a summary judgment motion if there are no genuine issues of material fact, and the moving party's claim warrants judgment as a mater of law. AccentStore Design, Inc., v. Marathon House, Inc., 674 A.2d 1223, 1225 (R.I. 1996) (citation omitted); R.I. Super. R. Civ. P. 56 (c).
 Libel-Proof Plaintiff
Although no Rhode Island courts have accepted the "libel-proof plaintiff" doctrine, defendants argue that the jurisdictions that recognize this doctrine allows dismissal of defamation actions where the substantial criminal record of plaintiff shows as a matter of law that he would be unable to recover more than nominal damages. The defendants assert that the First and Fourteenth Amendments are not offended since the reputation of a habitual criminal, which is reported to the public, diminishes and becomes sufficiently low with each offense so that he can only recover a peppercorn, arguably the least amount of' damages. The defendants contend that the Court can take judicial notice of plaintiffs criminal history. The defendant maintains that the focus of the libel-proof defense is on plaintiff's conduct and history, not his state of mind or degree of fault. The libel-proof defense requires an assessment of the likelihood that plaintiff will recover more than a peppercorn for lost reputation. If plaintiff is libel-proof as a matter of law, defendants argue that punitive damages are not an issue.
In the alternative, defendants argue that plaintiff has the burden of proving the alleged defamatory statements are false. The defendants maintain that our Supreme Court has held that factually inaccurate statements that were substantially true are not considered defamatory because the gist or sting of the publication was true. The defendants assert that plaintiff is a public figure or at least a limited purpose public figure, and is requited to meet the actual malice standard in proving fault on the part of defendants for the purpose of plaintiffs defamation claims. The plaintiff must prove actual malice by clear and convincing evidence as opposed to a showing of mere negligence.
The defendants also argue that plaintiff may not "end-run" constitutional limitations on defamation by asserting parallel, re-labeled claims. The defendants contend that since plaintiff is libel-proof, he should not be permitted to use alternative tort theories to circumvent the constitutional limitations governing defamation claims. The defendants assert that the Court allowed the amending of the complaint without prejudice to defendants to argue this issue on summary judgment. If plaintiffs negligence claims are permitted to proceed once his defamation claims are dismissed, plaintiff effectively circumvented the constitutional requirements governing defamation.
In response, plaintiff argues that our Supreme Court has never followed the theory of libel-proof. The plaintiff asserts that he is entitled to more than nominal damages. Furthermore, plaintiff contends that he is entitled to punitive damages since defendants did not retract the story but rebroadcasted the original story despite plaintiffs pleas. If the Court decides that the theory of libel-proof is applicable, plaintiff has not been convicted of any crimes since 1978 other than the one involved in this lawsuit.
The plaintiff claims that the reported information was not close to the truth and therefore, the challenged statements are not "substantially true." The plaintiff contends that he is not a repeater of brutal and degrading crimes as alleged by defendants since his crimes occurred in 1978, more than twenty years ago. The plaintiff never was convicted of rape and did not serve eight years for said conviction. Additionally, plaintiff wrote defendants twice that the information was incorrect and sought a retraction. Only The Providence Journal printed a retraction. The plaintiff asserts that he should not be made a public figure based upon being charged with crimes in which he was acquitted or where the charge was withdrawn. Additionally, plaintiff argues that he is not asserting parallel, re-labeled claims to circumvent constitutional limitations governing defamation claims. The plaintiff contends that defendants are using the same argument they used at the motion to amend the complaint.
All parties agree that the Rhode Island Supreme Court has yet to apply or reject the theory of a libel-proof plaintiff. The libel-proof plaintiff doctrine is not statutory, but a creation of case law. To this Court's knowledge, no legislature has codified the libel-proof plaintiff doctrine. The jurisdictions that have adopted the doctrine have done so through court adjudication and it has become a part of the common law of those states.
A plaintiff is libel-proof when he is "so unlikely by virtue of his life as a habitual criminal to be able to recover anything other than nominal damages as to warrant dismissal of the case, involving as it does First Amendment considerations." Cardillo v.Doubleday Co. Inc., 518 F.2d 638, 639 (2d Cir. 1975) (citations omitted). The theory behind a libel-proof plaintiff is "when . . . an individual engages in conspicuously anti-social or even criminal behavior, which is widely reported to the public, his reputation diminishes proportionately." Wynberg v. NationalEnquirer, Inc., 564 F. Supp. 924, 928 (C.D. Cal. 1982). "Depending upon the nature of the conduct, the number of offenses, and the degree and range of publicity received, there comes a time when the individual's reputation for specific conduct or his general reputation for honesty and fair dealing is sufficiently low in the public's estimation that he can recover only nominal damages for subsequent defamatory statements." Id. "Although we accept the principle that a convicted criminal may have such a poor reputation that no further damage to it was possible at the time of an otherwise libelous publication, it must be clear, as a matter of law, that the reputation of a plaintiff; even a convicted felon, could not have suffered from the publication of the false and libelous statements." Jackson v. Longcope,476 N.E.2d 617, 620 (Mass. 1985) (citations omitted).
The struggle with applying the libel-proof plaintiff doctrine is that the Court, as a matter of law, is taking the case from the province of the jury on the basis that "the claim should be dismissed so that the costs of defending against the claim of libel, which can themselves impair vigorous freedom of expression, will be avoided." Guccione v. Hustler Magazine, Inc.800 F.2d 298, 303 (2d Cir. 1986). The cases that have applied the doctrine involve plaintiffs who are well-known public criminals, i.e. James Earl Ray, or persons known to the public as a result of their habitual and reported criminal records.Cardillo, 518 F.2d 638 (habitual criminal denied participation in certain crimes which were later substantiated); Cerasani v. SonyCorp., 991 F. Supp. 343 (S.D.N.Y. 1998) (tarnished reputation and criminal record could not support defamation action); Ray v.Time. Inc., 452 F. Supp. 618 (W.D. Tenn. 1976) (convicted habitual criminal with attendant publicity was libel-proof); Cofield v.The Advertiser Co., 486 So.2d 434 (Ala. 1986) (plaintiff unable to show significant damage to his reputation due to prior convictions). Not all reported cases applying the libel-proof plaintiff doctrine involve criminal convictions. See Guccione,800 F.2d 298 (plaintiff's reputation for adultery rendered him libel-proof); Wynberg, 564 F. Supp. 924 (plaintiff financially exploited his relationship with Elizabeth Taylor coupled with convictions related to his treatment of women).
Before addressing the legal aspects of this case, the Court feels compelled to point out an ongoing theme or message sent by these media defendants to the public that greatly disturbs the Court. The First Amendment of the United States Constitution and the libel-proof doctrine does not give the media carte blanche to report inaccurate, incorrect statements about any person, whether or not the person is a habitual criminal, especially when additional research would have prevented the error. Such conduct smacks of arrogance as the media attempts to hide behind the Constitution to justify its inaccurate, incorrect reporting. This Court neither accepts nor condones such conduct as it is not fair or just. This Court has frequently pointed out the distinction between law and justice. The law contains rules and statutes given to us by our legislature and appellant tribunals. Justice is not only the application of those laws, but the fair-dealing that must exist among the parties. Here, defendants have failed to do justice.
The defendants admit that the reported statements about plaintiff being a convicted rapist and his sentence were incorrect. All defendants had to do was issue a thirty second retraction and this case would have never reached the judicial system. The Court acknowledges that The Providence Journal, to its credit, did print a retraction, and therefore, is not a party to this lawsuit. Would defendants have accepted responsibility and be held accountable if it reported a person as a convicted rapist who did not have a criminal history like plaintiff? To this day, defendants have failed to retract the reported statements or apologize to plaintiff
Despite the foregoing, the Court still must apply the law as it views it. The Court has reviewed the cases cited by defendants and believes that the libel-proof doctrine should be applied in this jurisdiction and in this case. As a result, this Court finds that plaintiff is libel-proof as a matter of law. The Court also finds that the focus of the libel-proof defense is on plaintiffs conduct and history, not his state of mind or degree of fault. The Court takes judicial notice of plaintiffs criminal record. R.I. Rules of Evid. 201. The plaintiff's criminal history, to the time of the reporting, included charges, listed seriatim, for discharging fireworks, assault, robbery, forgery, arson, robbery, assault with intent to murder, possession of marijuana, assault with intent to kill (two counts), robbery (two counts), breaking and entering, first degree sexual assault, escape, and contempt charges for acting in a violent, vulgar, and disruptive manner. The Court recognizes that not all of the charges resulted in convictions, and that for some of the charges, plaintiff was found not guilty or pled to a lesser charge. Nonetheless, plaintiff is a criminal known to the public as a result of his habitual and reported record. The plaintiffs laundry list of various charges and convictions and the publicity of the foregoing indicates that plaintiffs "reputation for specific conduct or his general reputation for honesty and fair dealing is sufficiently low in the public's estimation that he can recover only nominal damages for subsequent defamatory statements.Jackson, 476 N.E.2d at 619.
In reaching this conclusion, the Court also finds that if defendants accurately reported plaintiff's prior criminal record, his reputation in the public's estimation would be worse. The defendants themselves provided the Court with an example of what should have been reported in 1997:
 "DeWitt was convicted in 1978 of assaulting a 69-year-old woman with intent to murder, robbing her and setting her house on fire. The testimony showed that he beat her on the head with a hammer, bound and gagged her, forced a bottle of pills down her throat and forced her to drink his urine. He is presently charged with two counts of first degree sexual assault against a 28-year-old woman in 1995." Defendants' Memorandum of Law at 15.
The Court concurs with defendants that the public's impression of plaintiff would be that of "a man with a history of brutal and degrading acts of violence toward at least one woman, and possibly another." Defendant's Memorandum of Law at 15. "[I]t is extremely improbable that, in the mind of the ordinary [listener], any greater opprobrium would attach to appellant's, crimes as reported than to those crimes for which he has been convicted." Finklea v. The Jacksonville Daily Progress,742 S.W.2d 512, 515 (Tx. Ct. App. 1988).
Once again, the Court feels obliged to point out that defendants should have corrected its mistake despite the fact that the corrected version paints the same or worse picture of plaintiff. The Court strongly urges defendants to take one step further than acknowledging it reported inaccurate, incorrect statements about plaintiff;, and refract those statements notwithstanding the passage of time. Even though defendants are legally correct in its position whereby it will not be forced to pay damages to plaintiff, the issue of justice, i.e. fairness and accountability for inaccurate and incorrect reporting, is still outstanding. A retraction, even at this date, brings a sense of justice to this case. The plaintiff receives his right to have accurate information reported, and defendants' First Amendment rights are protected without having to pay any damages. If defendants accept this Court's challenge to correct the inaccuracies, defendants should advise plaintiff and this Court when such correction will occur. Just because plaintiff is not entitled to money damages does not mean he has not been wronged.
As a result of the criminal record of plaintiff and the publicity he has received over the years, this Court cannot envision any jury awarding, under any circumstances, anything but a peppercorn. The determination as to whether or not a plaintiff is libel-proof is a question of law. Since the Court finds that plaintiff is libel-proof as a matter of law, plaintiff is unable to prevail on any of the negligence claims set forth in his Complaint as they are derivative of the defamation action. Accordingly, defendants' Motion for Summary Judgment is granted.
Counsel shall prepare the appropriate order for entry.